UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO.: 2:21-cr-59-SPC-MRM

GERALD MICHAEL ABRAHAM

---

**ORDER**[1]

Before the Court is Defendant Gerald Michael Abraham's Motion to Reduce Sentence (Doc. 35), along with the Government's opposition (Doc. 37). For the below reasons, the Court denies the motion.

Nine months ago, the Court sentenced Defendant to 36 months' imprisonment for prescribing pain medication outside his medical practice. (Doc. 33). This sentence included a downward variance for Defendant's age and acceptance of responsibility. (Doc. 34 at 3). At seventy-seven years old, Defendant is incarcerated at Federal Correctional Institution Coleman (Low), and has a June 25, 2024 projected release date. (Doc. 37 at 1). But he wants out now.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

According to Defendant, he has developed post-traumatic stress disorder after being in solitary confinement for two weeks. He also asserts that imprisonment has caused or worsened medical conditions and aliments like:

- back spasms, constipation, high blood pressure, and urinary frequency
- an inability to sleep because of other prisoners' night screams
- sensitivity to sound levels and to the cold temperature of confinement
- disorientation, panic attacks, and trauma

(Doc. 35 at 2). Defendant also claims incarceration is more severe for him than others, and that he is in a class of prisoners least likely to recidivate. (Doc. 35 at 2-3). He thus asks the Court to reduce his sentence to time served.

A district court has no inherent authority to modify a defendant's sentence and may do so only when authorized by statute or rule. *See United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a district court to reduce a term of imprisonment, upon a defendant's motion, after considering the factors in 18 U.S.C. § 3553, if it finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A).

To reduce a sentence, the district court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find that a reduction follows

applicable policy statements issued by the Sentencing Commission. *Id.* All three conditions are necessary for a reduction. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). For a defendant's § 3582(c)(1)(A) motion, the district court's discretion to find extraordinary and compelling circumstances is limited to those listed in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262-63 (11th Cir. 2021). One circumstance is a prisoner's medical condition, if he is suffering from a serious physical or mental condition that substantially diminishes his ability to provide self-care in prison and from which is he not expected to recover. U.S.S.G. § 1B1.13, comment. (n.1(A)).

After reviewing the law, parties' papers, and record, the Court finds Defendant has not shown that he suffers from the requisite serious physical or medical condition to warrant an extraordinary and compelling reason for early release. Medical records show that Defendant is an elderly man with common ailments like high-blood pressure for which he has been given medicine. (Doc. 37-2 at 1-4). Also, at a May 3, 2022 appointment, Defendant appeared "Well, Alert and Oriented x 3" with appropriate grooming, affect, and mood. (Doc. 37-2 at 3-4). When examined twice after his stint in solitary confinement, he showed no general signs of mental health issues and has reported none to his treating physicians. (Doc. 37-2 at 6-7, 12-13). Nor has Defendant shown why he cannot care for himself in the prison system—a point hard for him to make

3

when he claims he could live alone if released. (Doc. 37-1 at 1). Thus, Defendant has not shown extraordinary and compelling circumstances to justify releasing him from prison after he has served only nine months of his thirty-six-month sentence.

Even if Defendant had an extraordinary and compelling reason, the Court still denies his motion because he is a danger to the community and the § 3553(a) factors weigh against his early release. The § 3553 factors include the seriousness of the offense and the need for the sentence to promote respect for the law, provide just punishment, and afford adequate deterrence. 18 U.S.C. § 3553(a); *cf. United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013) (explaining the court need not state on the record it has explicitly considered each factor or discuss each). As a medical doctor, Abraham took an oath to "do no harm" and society trusted him to stand by that promise. But he didn't. He abused the public's trust by operating a pill mill and prescribing dangerous controlled substances with almost no attempt to determine whether the medication was needed. He profited greatly from giving opioid drugs to vulnerable individuals and addicts. And the Court does not take lightly his decision to use his medical education and privilege to prey on patients. So it would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public from future crimes if the Court

4

released Defendant with most of his sentence remaining. The Court thus denies Defendant's Motion.

Accordingly, it is now

**ORDERED:**

Defendant Gerald Michael Abraham's Motion to Reduce Sentence (Doc. 35) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on September 14, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record