UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                                              Case No.:    2:21-cr-59-SPC-MRM

GERALD MICHAEL ABRAHAM

_____/

### ORDER

Before the Court are Defendant Gerald Michael Abraham's Motion for Early Termination of Probation (Doc. 39), the Government's response in opposition (Doc. 40), and the Government's supplemental response explaining the United States's Probation Office's lack of opposition to the motion (Doc. 42). For the following reasons, the motion is granted.

This is a pill mill case. In his mid-seventies, Defendant began prescribing controlled substances to patients "with almost no attempt to determine whether the medication was medically necessary." (Doc. 40 at 1 (citing Doc. 3 (plea agreement))). In 2021, the Court sentenced Defendant, then 76 years old, to 36 months of imprisonment and 36 months of supervised release for distribution of controlled substances without a legitimate medical purpose. (Docs. 32, 33). Defendant was released in October 2023 and began his three-year term of supervised release. But he now seeks early termination of that supervision. (Doc. 39).

Defendant is now 80 years old. (*Id.*). He is unemployed and lives alone on Social Security. He has completed over half of his term of supervised release and met his monetary obligations for the period of his supervision.

United States Probation Officer Assistant Myekia Sharp does not oppose the motion. (Doc. 42). Defendant has been compliant in submitting monthly reports and abiding by the other conditions of his supervised release since transferring to her administrative supervision caseload.

But the Government opposes Defendant's requested relief. (Doc. 40). The Government emphasizes that Defendant's drug distribution crimes were significant and warranted the sentence imposed, including the term of supervised release. And while the Government acknowledges Defendant's advanced age, it underscores that he was of an advanced age "at the time he committed his serious offenses." (*Id.* at 2). The Government also acknowledges that Defendant's relinquishment of his medical license makes it unlikely he will commit the same crime again but points out that he showed unacceptably poor judgment when he committed the crime. He abused his position of trust as a physician, and the harm he caused in a short time may never ben quantifiable.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is

satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution.

After considering the law against the record, the Court will end Defendant's supervised release early. First, it is undeniable that he committed a serious crime, and did so in his later years. But Defendant has served his prison sentence and over half of his term of supervised release without incident. He relinquished his medical license, and thus it is almost certain he will not distribute controlled substances again. The need to protect the public from him is minimal. Second, the Court finds Officer Sharp's lack of opposition to the motion persuasive. Defendant has complied with the terms of his supervised release. The Court thus finds that early termination of Defendant's supervised release is in the best interests of justice, Defendant, and the public.

Accordingly, it is

**ORDERED**:

Gerald Michael Abraham's Motion for Early Termination of Probation (Doc. 39) is **GRANTED**.  Defendant's supervised release shall terminate on May 30, 2025.

     **DONE** and **ORDERED** in Fort Myers, Florida on May 5, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record